## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**INDEPENDENT SERVICE PROVIDER,**

        **Plaintiff,**

**v.**                                             **Case No: 6:21-cv-558-GAP-GJK**

**ISMAEL APONTE AND MARION
A. MEEKS,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the

following motions:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF THE AMOUNT OF ATTORNEY'S FEES AND COSTS PER THE COURT ORDER DATED MAY 24, 2021 (Doc. No. 39)** |
| **FILED:** | **June 13, 2021** |

It is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

<div style="border:1px solid black;">

**MOTION:**   **PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES AND COSTS AND REQUEST FOR ORAL ARGUMENT (Doc. No. 46)**

**FILED:**   **August 20, 2021**

_____

It is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

</div>

## I.   <u>BACKGROUND.</u>

The above captioned case is one case of several related cases filed in this District and around the country. *See* Doc. No. 16. On May 24, 2021, the Court entered an Order awarding Plaintiff attorney's fees for responding to the Defendants' removal of this action to this Court. Doc. No. 36 at 7-8. On June 13, 2021, Plaintiff filed a Motion for Entry of the Amount of Attorney's Fees and Costs Per the Court Order Dated May 24, 2021 (the "Motion") and Memorandum of Law in Support of the Amount of Attorney's Fees. Doc. Nos. 38, 39. On June 28, 2021, Defendants filed their Opposition to Plaintiff's Motions for Entry of Amount of Attorneys' Fees (the "Response"). Doc. No. 41. On August 20, 2021, Plaintiff filed Plaintiff's Supplemental Motion for Attorney's Fees and Costs and Request for Oral Argument (the "Supplement"). Doc. No. 46. On September 17, 2021 Defendants filed their Opposition to Plaintiff's Supplemental Motion for Attorneys' Fees and Costs and Request for Oral Argument (the "Supplemental

Response"). Doc. No. 49. The Motion and the Supplement will collectively be referred to as the "Motions." The undersigned finds that oral argument is unnecessary.

## II.    ANALYSIS.

Motions for attorney's fees should not result in a second major litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The order on a motion for attorney's fees must contain a clear and concise explanation of the court's reasoning. *Id.* The Court uses the familiar lodestar method in determining a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* at 433. The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

"In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The *Johnson* factors are the following: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or

contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

The court need not explicitly address the *Johnson* factors, however, and most of them "are already subsumed in the lodestar. . . ." *In re Home Depot Inc.*, 931 F.3d 1065, 1083, 1090 (11th Cir. 2019). The role of the *Johnson* factors is limited when the lodestar method is used. *Id.* at 1090. The number of hours spent on the case reflects the novelty and complexity of the issues. *Id.* at 1083. The hourly rates reflect the attorneys' skill and experience. *Id.* "As for the results obtained, this factor should be folded into the quality-of-representation factor. This is so because the results obtained are relevant to attorney's fees only if those results are attributable to counsel's performance, rather than, say, the other side dropping the ball." *Id.* (citation omitted). Enhancing the fee based on the quality of the representation should only be done "in the rare cases where the fee applicant demonstrates that the 'superior attorney performance is not adequately taken into account in the lodestar calculation.'" *Id.* (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010)). "[A]fter counsel proposes an hourly rate based on the prevailing market rate in the community, courts may consider the *Johnson* factors to determine if the

proposed rate accurately reflects the true worth of counsel." *Id.* at 1091. "[T]he *Johnson* factors are relevant only in the rare cases where they are not fully captured in the lodestar." *Id.*

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotations and citation omitted). In determining if the requested rate is reasonable, the court may rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which must be more than just "the affidavit of the attorney performing the work." *Id.* at 1299 (citations omitted). Instead, satisfactory evidence generally includes evidence of the rates charged by lawyers in similar circumstances or opinion evidence of reasonable rates. *Id.*

As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In demonstrating that their hours are

reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Likewise, a party opposing a fee application should also submit objections and proof that are specific and reasonably precise. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). A fee opponent's failure to explain with specificity the hours the opponent views as "excessive, redundant, or otherwise unnecessary" is generally fatal. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Barnes*, 168 F.3d at 428 (quotations omitted). When a court finds the number of hours billed unreasonably high, a court has two choices: it may review each entry and deduct the unreasonable time, or it may reduce the number of hours by an across-the-board cut. *Bivins*, 548 F.3d at 1350.

Once the lodestar is calculated, the court then decides whether an adjustment is necessary. *Bivins*, 548 F.3d at 1350. A downward adjustment "is merited only if the prevailing party was partially successful in its efforts." *Id.* at

1350-51. The *Johnson* factors are considered in determining the lodestar and "should not be reconsidered in making either an upward or downward adjustment to the lodestar . . . ." *Id.* at 1352.

As an initial matter, the precise method Plaintiff has used to arrive at the amount of fees it seeks is, quite frankly, difficult to follow. The Motion indicates that Plaintiff's lead counsel requested an hourly rate of $750 but Plaintiff did not agree to the rate, and the rate was reduced to $500 per hour. Doc. No. 39 at 3-4; Doc. No. 39-4. The Motion also seeks compensation for 132.9 hours worked at a rate of $750 per hour. *Id.* The Supplement, however, asks that the Court award "attorney's fees in the amount of $66,450 at $500 per hour, plus paralegal and assistant attorney's fees, for a total of $67,694 . . . ." Doc. No. 46 at 11. The documents provided indicate the timekeepers that contributed to the total number of hours had differing hourly rates. *See* Doc. No. 39-4 at 3-11; Doc. No. 39-5 at 10-11. Nowhere does the Motion provide a proper calculation of the hours worked by timekeepers to their respective hourly rate or a total of the amount claimed.

The Supplement contains an affidavit from attorney Jason Zimmerman attesting to the reasonableness of the hours expended by each timekeeper, their respective reasonable hourly rates, and opining those components justify a total fee award of $67,694. Doc. No. 46 at 17. As to Plaintiff's lead counsel, an hourly rate of $500 is applied, Ms. Herbert is an experienced attorney and a rate of $110

is applied to her, and finally Ms. Trovato is a paralegal and a rate of $50 per hour is applied to her. *Id.*

In the Supplement, Plaintiff explains it filed thirteen cases in state court because the defendants in those cases resided in different states and they were violating their respective non-compete agreements. *Id.* The defendants in those cases removed the cases to federal court and then pursued Multi-District Litigation. Ultimately, the Multi-District Court remanded the cases to the District Courts and this case was dismissed for lack of jurisdiction. *Id.* Plaintiff maintains that "[a]ll of the work performed in all thirteen (13) cases was performed in an effort to remand the case." *Id.* Three of the cases remained in District Court at the time the Supplement was filed. *Id.* Plaintiff maintains that the fees incurred in all thirteen cases are "'inextricably intertwined' and cannot be separated …." Thus, Plaintiff maintains all fees attributable to all thirteen "virtually identical" cases must be awarded to Plaintiff and against Defendants in this case. *Id.* To support its argument Plaintiff cites cases involving plaintiffs who brought multiple claims against one or more defendants in a single case and had a right to fees only as to some of the claims at issue, though all claims in the litigation arose from the same core facts. *See Cuervo v. West Lake Vill. II Condo. Ass'n*, 709 So. 2d 598, 599 (Fla. 3d DCA 1998) ("determination of issues in [main action] would necessarily be dispositive of the issues in [counterclaim]"); *Anglia Jacs & Co. v. Dubin,* 830 So. 2d

169, 171 (Fla. 4th DCA 202) ("claims based on same wrong"); *Chodorow v. Moore,* 947 So. 2d 577, 579 (Fla. 4th DCA 2007) (following *Anglia Jacs* based on common core of facts); *Durden v. Citicorp Tr. Bank, FSB,* 763 F. Supp. 2d 1299, 1306-07 (M.D. Fla. 2011) (following *Chodorow* bases on common core of facts). In those cases, the courts held that all fees are recoverable when the time allocable to the claims for which fees were compensable were not severable from the other claims.

In Defendants' Supplemental Response they argue the Supplement was untimely and its filing was not authorized. Doc. No. 49. The Court agrees, but Defendants have not shown any prejudice and proceed to argue the merits of the Supplemental Response. Therefore, the Court will consider the Supplement. Defendants repeat several arguments from their Response, attach an email from Plaintiff's counsel stating the fees sought in each of the two cases from this Court in which fees were awarded are $30,000, and argue that the fees incurred in each case are not inextricably intertwined. *Id.*

None of the cases cited by Plaintiff involve the scenario presented here, i.e., where a plaintiff seeks to have two defendants who removed a single case to this Court bear the fees incurred by a common plaintiff in other cases with different defendants. Each of the thirteen cases that account for the total amount of work done by Plaintiff's counsel was brought against individual defendants and is based on separate non-compete agreements signed by the parties to the cases.

While the defendants' decision to seek removal to the Federal Courts in each case may have been based on the same legal theory, the individual defendants in each case elected to seek removal of their own cases. The fees for all cases arise from individual agreements signed by individual defendants, who were sued by Plaintiff in individual cases, although the basis for removal of the cases involve a common legal theory which proved unsuccessful. Thus, this case is distinguishable from those cited by Plaintiff.

Here, Plaintiff essentially seeks to have Defendants in this case bear the expense of having to deal with the defendants' removal in twelve other cases simply because those defendants also removed their cases to Federal Court on a similar basis. Doing so would be unjust and would impose a disproportionate amount of fees on Defendants in this case.

As pointed out by Defendants in their Response, beyond double billing, counsel's log of hours is fraught with entries regarding other cases as to which there was no award of attorney's fees, block billing, vague entries, overbilling, and billing unrelated to the removal of this case. Doc. No. 41; Doc. No. 41-1; Doc. No. 39-4; Doc. No. 41-1 at 4. Although the Court rejects Mr. Zimmerman's ultimate opinion that fees totaling nearly $68,000 are reasonable in this case and that an award in that amount should be levied against Defendants in this case, the Court sees the total hours worked and the rates charged as reasonable for dealing with

all thirteen of Plaintiffs' cases removed to Federal Court.

The Court reviewed the docket in this case. The work done by Plaintiff's counsel in this case is limited, neither novel nor complex, the quality of the work is mediocre, and as counsel readily admits the work done was largely duplicative of what was done for the Plaintiff in the other eleven cases as to which no fees were awarded. Doc. Nos. 13-20, 22, 29. Given all the foregoing considerations, it is appropriate to apportion the fees between the thirteen cases, so that Defendants will be required to pay one-thirteenth of the total fees Mr. Zimmerman avers is reasonable, resulting in a net award of $5,207.00.

## III.   <u>CONCLUSION.</u>

Accordingly, it is **RECOMMENDED** that the Motions, Doc. Nos. 39 and 46, be **GRANTED IN PART AND DENIED IN PART** as follows:

1. That the Motions be **GRANTED** to the extent that Plaintiff be awarded a total fee award against Defendants, jointly and severally, in the amount of $5,207.00; and

2. That in all other respects, the Motions be **DENIED**.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date this Report and Recommendation is filed to file and serve written objections to the Report and Recommendation's

factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

      **RECOMMENDED** in Orlando, Florida, on November 1, 2021.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record