# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

INDEPENDENT SERVICE
PROVIDER, LLC,

      Plaintiff,

v.                                        Case No:   6:21-cv-558-GAP-GJK

ISMAEL APONTE and
MARION A MEEKS

      Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees (Doc. 39), Memorandum in Support (Doc. 38), and Supplemental Motion for Attorneys' Fees (Doc. 46). On referral, Magistrate Judge Gregory J. Kelly issued a Report and Recommendation granting in part and denying in part Plaintiff's Motion (Doc. 51). Plaintiff filed an Objection to the Report (Doc. 52) and Defendants filed a response (Doc. 53). Upon de novo review of the above, the Report will be confirmed and adopted.

In resolving objections to the recommendation of a magistrate judge, the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). De novo

review requires independent consideration of factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). After conducting a careful and complete review of the findings and recommendations, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

On May 24, 2021, the Court remanded this case to state court and granted Plaintiff's request for fees. In its motion, Plaintiff seeks fees incurred for work performed in this case and twelve other lawsuits where Plaintiff's counsel sought remand. In support of his fee calculation, Plaintiff submitted a declaration from Jason Zimmerman who analyzed counsel's work and found that counsel's reasonable fees across all thirteen lawsuits were $67,694. *See* Doc. 46 at 17. Plaintiff's counsel argued that the work performed in this case is "inextricably intertwined" with the work he performed in those other lawsuits and he therefore deserves to be fully compensated here. The Report rejects this theory and finds that, while Zimmerman's fee opinion is reasonable, Plaintiff is only entitled to one-thirteenth of those fees for the work counsel performed in *this* case.

The Court finds that the Report and Recommendation is legally and factually sound. Plaintiff's objection does not dispute the Report's factual findings and simply reiterates Plaintiff's arguments that it deserves fees for all thirteen

lawsuits. Plaintiff fails to cite to any authority supporting this theory.[1]  It would be inequitable to impose the cost of thirteen lawsuits on the Defendants in this case simply because Plaintiff was not awarded fees in the other cases.

Accordingly, it is hereby **ORDERED** that:

1. The Report and Recommendation (Doc. 51) is **ADOPTED** and **CONFIRMED** as set forth above.

2. Plaintiff's Objection to the Report and Recommendation (Doc. 52) is **OVERRULED**.

3. Plaintiff's Motion for Attorneys' Fees (Doc. 39) and Supplemental Motion for Attorneys' Fees (Doc. 46) are **GRANTED** in part and **DENIED** in part. Plaintiff is awarded a total fee award against Defendants, jointly and severally, in the amount of $5,207.00.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 30, 2021.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[1] In its objection, Plaintiff cites to *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170 (2d Cir. 1996) and *Hensley v. Eckerhart*, 461 U.S. 424 (1983). But as the Report correctly recognizes, neither of these cases involve the situation before the Court, where a common plaintiff is seeking fees from distinct defendants who are parties to different lawsuits.

Copies furnished to:

Counsel of Record
Unrepresented Party